UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JACQUEZ WORTHEN, | ) |
| Petitioner, | ) ) ) |
| v. | )    CV623-043 |
| RALPH SHROPSHIRE, | ) ) ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jacquez Worthen filed this 28 U.S.C. § 2254 petition in the Middle District of Georgia. *See* doc. 1. It was transferred to this Court. *See* doc. 3. He has submitted a request to proceed *in forma pauperis*. *See* doc. 1 at 14. Although that request is not signed, since it is clear, as discussed below, that his Petition is untimely, the Court need not afford him further opportunity to correct the defect or pay the filing fee.[1]  *See* doc. 6 (Clerk's Notice of Deficiency); *see also* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition

---

[1] Payment of the filing fee is not jurisdictional. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).

1

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Worthen's Petition alleges that he was convicted of felony murder and aggravated assault in Emmanuel County, Georgia, but does not specify when. *See* doc. 1 at 1. He does allege that his direct appeal was "denied" in 2019 by the Georgia Court of Appeals. *Id.* at 2. It appears, however, that Worthen has misidentified the Georgia Supreme Court's opinion affirming his conviction with a disposition by the Court of Appeals. *See Worthen v. State*, 832 S.E.2d 335 (Ga. 2019). Worthen clearly alleges that, other than his direct appeal, he has not filed any further challenge to his conviction in either federal or state court. *See* doc. 1 at 2. Because his federal petition is untimely, it should be **DISMISSED**. Doc. 1.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped

only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The Georgia Supreme Court affirmed Worthen's conviction on August 19, 2019. *See*

*generally Worthen*, 832 S.E. 2d 335. His conviction, therefore, became final on November 18, 2019, when the time for filing a petition for *certiorari* in the United States Supreme Court expired.[2] *See, e.g., Brown v. Sec'y, Dept. of Corrs.*, 2022 WL 766958, at *2 (11th Cir. Mar. 14, 2022) (citing *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004)). The one-year clock ran out on November 18, 2020. The instant Petition was signature filed[3] on June 8, 2023, *see* doc. 1 at 13; over 2 years too late.[4] Worthen's Petition should, therefore, be **DISMISSED**. Doc. 1.

---

[2] Since the ninetieth day after August 19, 2019 was Sunday, November 17, 2019, the deadline to file a petition for *certiorari* was extended until Monday, November 18, 2019. *See* U.S. Sup. Ct. R. 30.1

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4] Worthen's allegation that he has not pursued any state habeas relief also indicates that his Petition is unexhausted. *See* doc. 1 at 2; *see also, e.g.,* 28 U.S.C. § 2254(b)(1)(A) (habeas petitioner must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (before seeking § 2254 relief, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims."). From the Georgia Supreme Court's opinion, it appears that the only issues Worthen raised on direct appeal were the sufficiency of the evidence against him and the propriety of the trial court's admission of "gang evidence." *See Worthen*, 832 S.E.2d at 336. Since Worthen's Petition is untimely, it is unnecessary for the Court to consider whether, and to what extent, his grounds are unexhausted. *See Byrd v. Warden Riverbend CF*, 648 F. App'x 881, 883 (11th Cir. 2016) ("Because the district court did not err in dismissing [Petitioner's] petition as untimely, it is unnecessary for us to reach the issue of whether his claims were also unexhausted."); *see also, e.g., Henley v. Lumpkin*, 2022 WL 18539510, at *2 n. 3 (S.D. Tex. Nov. 12, 2022) ("[I]nquiry into exhaustion is unnecessary in this case, because Petitioner's

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D.

---

action is untimely." (citation omitted)).

Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

    **SO REPORTED AND RECOMMENDED**, this 10th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA