UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JACQUEZ WORTHEN,            )
                            )
        Petitioner,         )
                            )
v.                          )       CV623-043
                            )
RALPH SHROPSHIRE,           )
                            )
        Respondent.         )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 7), to which objections have been filed, (see doc. no. 9). Worthen's Objections do not dispute the Magistrate Judge's conclusion that his Petition was untimely. (See doc. no. 9 at 1.) Accordingly, the R&R is **ADOPTED**. (Doc. no. 7.) He raises several arguments that merit comment, however. See, e.g., 28 U.S.C. § 636(b) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Worthen's original Petition did not include any allegations related to timeliness. (See doc. no. 1 at 12.) The petitioner bears the burden of

proving his entitlement to equitable tolling. San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). The Magistrate Judge, therefore, did not have any basis to consider whether Worthen might be entitled to equitable tolling of the statute of limitations. Cf. Aureoles v. Sec'y, D.O.C., 609 F. App'x 623, 624 (11th Cir. 2015) (citing Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015)) ("If a prisoner files his § 2254 petition more than one year after the judgment becomes final, the petition may still be timely if the petitioner is entitled to equitable tolling."). Worthen's Objection asserts his lack of legal knowledge and his counsel's failure to inform him of the applicable statute of limitations in seeking to avoid the time bar. (See doc. no. 9 at 1.) Liberally construed, those assertions might implicate a claim that he is entitled to equitable tolling.

The Eleventh Circuit has expressly rejected "lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file [§ 2254 petitions] in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). "As with any litigant, pro se litigants are deemed to know of the one-year statute of limitations." Id. (internal quotation marks and citation omitted). Those principles are also fatal to any assertion that equitable tolling is warranted for his

counsel's alleged failure to advise him of the possibility of and procedure for filing a § 2254 petition. See, e.g., Moore v. Frazier, 605 F. App'x 863, 867 (11th Cir. 2015) (finding no basis for equitable tolling where "counsel failed to advise [petitioner] of the federal deadline"). Even liberally construed, therefore, Worthen's Objections do not present any plausible assertion that he is entitled to equitable tolling.

Even in the absence of any basis for equitable tolling, an untimely petition for federal habeas corpus relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). The actual innocence exception "is exceedingly narrow in scope," and requires the petitioner "(1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dept. of Corr., 672 F.3d 1000, 1011, 1013 (11th Cir. 2012) (internal quotation marks, alterations, and citations omitted). Although Worthen asserts that his innocence "can be proven," he does not suggest

any new evidence sufficient to support application of the actual innocence exception. (See doc. no. 9 at 1-2.) His Objection, therefore, does not adequately assert his actual innocence sufficiently to avoid the time bar.

The Magistrate Judge noted that, in addition to being untimely, Worthen's Petition also appeared unexhausted. (Doc. no. 7 at 4 n. 4.) Worthen's Objection suggests the possibility that he exhausted grounds by asserting them outside of his direct appeal. (See doc. no. 9 at 1.) He also suggests that he might exhaust state remedies and refile his federal petition. (Id. at 2.) However, as the Magistrate Judge noted, the fact that Worthen's Petition was untimely renders the question of his exhaustion moot. (Doc. no. 7 at 4 n. 4 (citing Byrd v. Warden Riverbend CF, 648 F. App'x 881, 883 (11th Cir. 2016)).)

In summary, the Magistrate Judge's Report and Recommendation is **ADOPTED**, (doc. no. 7), as modified above. Worthen's 28 U.S.C. § 2254 Petition, (doc. no. 1), is **DISMISSED** as untimely.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule

11(a), Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of August, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Proceedings.